GEER v. SCHOOL DIST. NO. 11, OURAY COUNTY, COLO.

(Circuit Court of Appeals, Eighth Circuit. October 30, 1899.)

No. 1,163.

MUNICIPAL BONDS—VALIDITY—EFFECT OF RECITALS.

> Where the statute under which municipal bonds are issued does not authorize the board or officers issuing them to determine whether the proposed issue would, in fact, exceed the limit prescribed by law, and there is no recital in the bonds that they do not exceed such limit, and each bond on its face, when taken in connection with the assessment roll, shows the limit to have been exceeded, a general recital that all the requirements of the law have been complied with will not estop the municipality issuing them from showing that the bonds issued exceed the legal limit; and, when that is shown, they are void in the hands of every one. Whether the limit is imposed by the state constitution or by general statute is immaterial.

In Error to the Circuit Court of the United States for the District of Colorado.

A. E. Pattison, for plaintiff in error.

J. P. Cassedy, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was brought by Robert C. Geer, the plaintiff in error, against school district No. 11, in the county of Ouray and state of Colorado, the defendant in error, on 160 interest coupons cut from negotiable bonds issued

by the defendant in error. Each of the bonds from which the coupons were cut contains the following recitals:

"This bond is one of a series of twenty bonds of like tenor and date herewith, numbered consecutively from No. 1 to No. 20 (both numbers inclusive), amounting in the aggregate to ten thousand dollars, which the board of directors of said school district number eleven has issued for the purpose of erecting and furnishing school buildings for the purpose of education in said school district number eleven, under and by virtue of chapter 97 of the General Statutes of the state of Colorado, entitled 'Schools,' the same being an act of the general assembly of said state of Colorado entitled 'An act to establish and maintain a system of free schools,' approved March 20, A. D. 1877, as amended by subsequent acts of said general assembly up to and including the year 1883, and under and by virtue of another act of said general assembly of said state of Colorado, entitled 'An act to amend chapter 97 of the General Statutes, entitled "Schools,"' approved April 4, A. D. 1887. * * * And it is hereby certified that all of the requirements of said laws have been fully complied with by the proper officers in issuing this bond, and all of said series of twenty bonds."

On the back of each bond the several provisions of the law of the state of Colorado referred to in the body of the bonds are printed. Among other provisions is the following: "In no case shall the aggregate amount of the bonded indebtedness of any school district exceed $3\frac{1}{2}$ per cent. of the assessed valuation of such district." The answer, among other defenses, set up that the bonds were absolutely void, for the reason that at the time of the issue of the bonds the total assessed valuation of all the taxable property in the school district did not exceed the sum of $72,000, and that in the year prior thereto—in 1891—it did not exceed $77,000, and that at no time since the organization of the district did it exceed $80,000, and that at no time could said district have lawfully issued more than $2,700 of bonds, which is $3\frac{1}{2}$ per cent. of the assessed valuation of the taxable property of the district at any time from its organization up to the issue of the bonds; and that for this reason, this issue of bonds, as appears from the recitals in the bonds themselves, being for $10,000, they are absolutely void. To this answer the plaintiff interposed a demurrer, which was overruled, and, the plaintiff electing to stand on his demurrer, judgment was rendered for the defendant, whereupon the plaintiff sued out this writ of error.

The contention of the plaintiff in error is that the recital in the bonds that "all of the requirements of said laws have been fully complied with by the proper officers in issuing these bonds, and all of said series of twenty bonds," estops the defendant from setting up the defense that there was an overissue of nearly four times the amount these laws authorized this district to issue. As each of the bonds recites on its face that it is one of a series of 20 bonds of $500 each, every purchaser was charged with full notice that the district had issued $10,000 of these bonds, and, as the demurrer admits that this was nearly four times as much as the defendant had, under the laws, authority to issue, the only question to be determined is whether the recital in the bonds that "all the requirements of said laws have been fully complied with," relieved the purchaser from examining the record of the assessment for the

purpose of ascertaining whether the $10,000 indebtedness thus in-curred did not exceed the 3½ per cent. of the assessed valuation of all the taxable property in the district at the time the bonds were issued. That it is the duty of the purchaser upon this state of facts to make such examination is settled by repeated decisions of the supreme court of the United States. Dixon Co. v. Field, 111 U. S. 83, 4 Sup. Ct. 315, 28 L. Ed. 360; Lake Co. v. Graham, 130 U. S. 674; 9 Sup. Ct. 654, 32 L. Ed. 1065; Sutliff v. Commissioners, 147 U. S. 230, 13 Sup. Ct. 318, 37 L. Ed. 145. The latest exposition of the law applicable to this class of cases is contained in the opinion of the supreme court in the case of Board of Com'rs of Gunnison Co. v. E. H. Rollins & Sons, 173 U. S. 255, 19 Sup. Ct. 390. The court there enters into an exhaustive review of all its former decisions on this subject. From the classification of the cases and reasoning of the court in that case these two rules may be deduced: (1) That where the statute under which the bonds are issued au-thorizes the board or officer empowered to issue them to determine whether the proposed issue of bonds would in fact exceed the limit prescribed by the statute, the recital in the bond to the effect that such determination has been made, and that the statutory limit has not been exceeded, and the bonds on their face do not show such recital to be false, then in a suit brought by a bona fide holder of the bonds the county or municipality issuing the bonds is estop-ped from saying such recitals are not true; and (2) that, where the statute under which the bonds are issued does not authorize the board or officer empowered to issue them to determine whether the proposed issue would in fact exceed the limit prescribed by law, and there is no recital in the bonds that they do not exceed such limit, and each bond on its face, when taken in connection with the assessment roll, shows the limit has been exceeded, then the general recital that all the requirements of the law have been complied with in issuing the bonds will not estop the county or municipality issuing them from showing that the bonds exceed in amount the statutory limit, and, when that fact is shown, they are void in the hands of every one. The leading cases supporting the first rule are Chaffee Co. v. Potter, 142 U. S. 355, 12 Sup. Ct. 216, 35 L. Ed. 1040, and Board of Com'rs of Gunnison Co. v. E. H. Rol-lins & Sons, 173 U. S. 255, 19 Sup. Ct. 390, and the leading cases establishing the second rule are Dixon Co. v. Field, supra, Lake Co. v. Graham, supra, and Sutliff v. Commissioners, supra. The case at bar falls under the second rule. Each bond shows on its face the whole amount of bonds issued, and the recorded valuation of the property of the district subject to taxation showed that amount to be largely in excess of the statutory limit, and the board of directors of the school district were not authorized by law to determine whether the proposed issue of bonds would in fact ex-ceed the statutory limit, and the bonds contain no recital or cer-tificate on that subject. Upon this state of facts the bonds are void in the hands of every one. Cases will probably arise not covered by either of these rules, or any of the existing decisions of the su-preme court. It will be time enough to decide such cases when

they arise. It is very clear that this case, upon its facts, is ruled by the cases we have cited, the doctrine of which, as shown by the opinion of the supreme court in Board of Com'rs of Gunnison Co. v. E. H. Rollins & Sons, supra, has not been shaken by any of the later decisions of that court. We are therefore spared any discussion of the numerous cases cited by the learned counsel for the plaintiff in error, which are supposed to establish a contrary doctrine. The contention that the case at bar can be distinguished from Dixon Co. v. Field, and the other cases we have cited, by reason of the fact that in those cases the limitation was created by the constitution, while in this case it is created by a statute, is not tenable. The statutory limitation was as obligatory and binding upon the school district as if it had been contained in the constitution. The statute was a public statute, of which all persons were bound to take notice. The judgment of the circuit court is affirmed.